UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JOSEPH GALLAGHER, individually and on
behalf of all other persons similarly situated,

        Plaintiff,

   -against-

PEPE AUTO GROUP, MERCEDES BENZ
OF NEW ROCHELLE, JOSEPH PEPE,
individually, GENE PEPE, individually,
ROBERT PEPE, individually, and
SALVATORE PEPE, individually,

        Defendants.

----------------------------------------------------------------X

Civ. No.:  7:18-cv-03433-VB

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STAY JUDICIAL PROCEEDINGS AND COMPEL ARBITRATION

JACKSON LEWIS P.C.

Joseph A. Saccomano, Jr.
Jonathan M. Kozak
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ........................................................................................................ 4

POINT I ................................................................................................................ 4

PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE ADEA
OR THE OWBPA ................................................................................................ 4

     A.    Plaintiff Failed To Satisfy A Statutory Prerequisite To Suit
          Under The ADEA, And The Applicable Limitation Period
          Has Passed ............................................................................................ 4

     B.    Plaintiff's Actual Knowledge Of His Right To Seek Administrative
          Remedies Prevents Equitable Tolling Of His Federal Claims ................................. 6

     C.    Regardless, There Is No Private Right Of Action Afforded By
          The OWBPA ....................................................................................... 7

POINT II .............................................................................................................. 8

PLAINTIFF'S SECOND, THIRD, FOURTH AND FIFTH COUNTS, PREMISED
ON EVENTS ARISING OUT OF PLAINTIFF'S EMPLOYMENT PRIOR TO
JUNE 1, 2017 ARE BARRED BY A VALID AND BINDING GENERAL RELASE ............... 8

POINT III ............................................................................................................. 9

PLAINTIFF'S REMAINING CLAIMS MUST BE DISMISSED FOR LACK OF
SUBJECT MATTER JURISDICTION ....................................................................... 9

POINT IV ............................................................................................................. 10

ALTERNATIVELY, THE COURT SHOULD STAY THESE PROCEEDINGS
AND COMPEL PLAINTIFF TO RESOLVE CLAIMS RELATING TO HIS
FORMER EMPLOYMENT IN BINDING ARBITRATION AS PROVIDED
BY HIS EMPLOYMENT AGREEMENT .................................................................. 10

     A.    Plaintiff Entered Into A Valid, Enforceable And Mandatory
          Agreement To Arbitrate Claims Arising Out Of His Employment ...................... 11

## TABLE OF CONTENTS

PAGE

B.  If The Claims Are Not Dismissed As Requested, The Court
    Should Exercise Its Discretion To Stay These Proceedings
    And Compel Arbitration ....................................................................................12

CONCLUSION.......................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

Amtrak v. Morgan,
    536 U.S. 101 (2002)........................................................................................................5

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)........................................................................................................4

Arciniaga v. GMC,
    460 F.3d 231 (2d Cir. 2006)..........................................................................................10

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)........................................................................................................4

Birch v. CUNY/Laguardia Cmty. Coll.,
    No. 14-CV-7573 (PKC), 2015 U.S. Dist. LEXIS 12339 (E.D.N.Y. Feb. 3,
    2015) ...............................................................................................................................5

Biro v. Cuomo,
    No. 12-CV-6189, 2014 U.S. Dist. LEXIS 42456 (E.D.N.Y. Mar. 27, 2014)...........10

Dean Witter Reynolds Inc. v. Byrd,
    470 U.S. 213 (1985)......................................................................................................11

Eng v. City of New York,
    715 Fed. App'x 49 (2d Cir. 2017)..................................................................................9

Francis v. Blaikie Grp.,
    372 F.Supp.2d 741 (S.D.N.Y. 2005)..............................................................................6

Genesco, Inc. v. T. Kakiuchi & Co.,
    815 F.2d 840 (2d Cir. 1987).........................................................................................12

Glover v. Colliers Int'l NY, LLC,
    No. 13-CV-8843 (JMF), 2014 U.S. Dist. LEXIS 151227 (S.D.N.Y. Oct. 24,
    2014) ........................................................................................................................11, 12

Gold v. Deutsche Aktiengesellschaft,
    365 F.3d 144 (2d Cir. 2004).........................................................................................12

Grays v. SDH Educ. West, LLC,
    No. 16 Civ. 666 (DAB), 2017 U.S. Dist. LEXIS 54690 (S.D.N.Y. Mar. 23,
    2017) ...............................................................................................................................7

Hardaway v. Hartford Pub. Works Dep't,
879 F.3d 486 (2d Cir. 2018)..................................................................................5

Hellenic Lines, Ltd. v. Louis Dreyfus Corp.,
372 F.2d 753 (2d Cir. 1967)................................................................................12

Klein & Co. Futures, Inc. v. Bd. of Trade,
464 F.3d 255 (2d Cir. 2006)................................................................................10

Kourofsky v. Genencor Int'l, Inc.,
459 F. Supp. 2d 206 (W.D.N.Y. 2006)..................................................................7

Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,
274 F.3d 683 (2d Cir. 2001).............................................................................4, 5

LG Elecs., Inc. v. Wi-Lan USA, Inc.,
623 Fed. App'x 568 (2d Cir. 2015)......................................................................11

Mabry v. Neighborhood Defender Serv.,
769 F. Supp.2d 381 (S.D.N.Y. 2011)....................................................................1

Martinez v. Bloomberg LP,
883 F. Supp. 2d 511 (S.D.N.Y. 2012)..................................................................10

McCormack v. IBM,
145 F. Supp. 3d 258, 268 (S.D.N.Y. 2015)...........................................................8

Paneccasio v. Unisource Worldwide, Inc.,
532 F.3d 101 (2d Cir. 2008).............................................................................5, 6

Phillips v. Audio Active, Ltd.,
494 F.3d 378 (2d Cir. 2007)................................................................................11

Ragone v. Atlantic Video,
595 F.3d 115 (2d Cir. 2010)................................................................................11

Roby v. Corp. of Lloyd's,
996 F.2d 1353 (2d Cir. 1993)..............................................................................11

Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.,
748 F.2d 774 (2d Cir. 1984)..................................................................................4

Salim Oleochemicals v. M/V Shropshire,
278 F.3d 90 (2d Cir. 2002)..................................................................................12

Samuels v. Air Transp. Local 504,
992 F.2d 12 (2d Cir. 1993)....................................................................................1

Sheridan v. McGraw-Hill Cos.,
    129 F. Supp. 2d 633 (S.D.N.Y. 2001)...................................................................8

South v. Saab Cars USA, Inc.,
    28 F.3d 9 (2d Cir. 1994)...................................................................................7

Tanvir v. N.Y.C. Health & Hosps. Corp.,
    480 Fed. App'x 620 (2d Cir. 2012).....................................................................5

United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,
    363 U.S. 574 (1960)........................................................................................11

Zerilli-Edelglass v. New York City Transit Auth.,
    333 F.3d 74 (2d Cir. 2003)............................................................................6, 7

## Statutes

9 U.S.C. § 1..............................................................................................................1

9 U.S.C. § 2........................................................................................................10, 11

28 U.S.C. § 1331.....................................................................................................9

28 U.S.C. § 1367(a) ..............................................................................................9

28 U.S.C. § 1367(c)(3)...........................................................................................9

29 U.S.C. § 626..................................................................................................1, 5

29 U.S.C. § 626(d) ...............................................................................................4

## Other Authorities

Fed. R. Civ. P. 12(b) ............................................................................................4

Fed. R. Civ. P. 12(b)(1)......................................................................................1, 10

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 9

Defendants Pepe Luxury Cars, Ltd. d/b/a Mercedes-Benz of New Rochelle, (sued herein as "Pepe Auto Group, Mercedes Benz of New Rochelle"), Joseph Pepe, Gene Pepe, Robert Pepe, and Salvatore Pepe (together, the "Defendants"), respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") or, in the Alternative, to Stay Judicial Proceedings and Compel Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA").

## PRELIMINARY STATEMENT

Plaintiff's First Amended Complaint, filed on June 27, 2018, purports to state nine causes of action against Defendants. Plaintiff's sole federal claim, and the basis for this Court's jurisdiction in this matter, is alleged pursuant to 29 U.S.C. § 626(c) of the Age Discrimination in Employment Act ("ADEA"). Plaintiff's claim under the ADEA (the First Count) must be dismissed because he has failed to satisfy the statutorily required prerequisite to suit by timely filing an administrative charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").[1] Upon dismissal of Plaintiff's federal claim, the Court should dismiss the

---

[1] In the Complaint, Plaintiff asserts his First Count citing 29 U.S.C. § 626(f) (the ADEA) and referencing the Older Workers Benefit Protection Act ("OWBPA") as an alleged basis for liability against Defendants. The OWBPA is an amendment to the ADEA, expanding and specifying requirements for knowing and voluntary waivers of claims for age discrimination under the ADEA. Plaintiff contends he was presented with a General Release which failed to comply with the various requirements for a valid waiver of a claim for age discrimination under ADEA claim as provided in the OWBPA. (Compl. ¶ 28). In fact, the General Release referenced in Plaintiff's Complaint does not impermissibly purport to waive claims of age discrimination under the ADEA. A copy of a document titled General Release, signed by Plaintiff and dated June 1, 2017, incorporated by reference in the Complaint, is attached as Exhibit B to the Affirmation of Jonathan M. Kozak In Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, to Stay Judicial Proceedings and Compel Arbitration ("Kozak Aff."). See Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993) ("On a motion to dismiss a complaint . . . . documents attached as exhibits or incorporated by reference in the pleadings . . . are considered."); Mabry v. Neighborhood Defender Serv., 769 F. Supp.2d 381, 390 (S.D.N.Y. 2011) ("In analyzing a motion to dismiss pursuant to Rule 12(b)(6) . . . [the court] may also consider certain documents such as those incorporated by reference or attached to the complaint as exhibits . . . ."). As explained below, the alleged failure to satisfy the preconditions to a valid ADEA waiver does not give rise to a claim for damages under the ADEA. Nevertheless, Plaintiff's failure to timely file with the EEOC bars any such claim proceeding under the OWBPA as well.

Second, Third, Fourth and Fifth Counts pursuant to a valid contract providing for his waiver of such claims purportedly arising under his employment based on events prior to June 1, 2017, and it should otherwise decline to exercise supplemental jurisdiction as to Plaintiff's various remaining common law and tort claims. Alternatively, in the event this Court is not inclined to dismiss the Complaint in its entirety for the reasons herein, Defendants respectfully request the Court stay these proceedings and compel binding arbitration consistent with Plaintiff's and his employer's prior agreement.

## STATEMENT OF FACTS[2]

Plaintiff began his employment with Mercedes Benz of New Rochelle ("MBNR") on or about July 2015. (Compl. ¶ 15).[3] The terms and conditions of Plaintiff's employment with MBNR were outlined in a written Employment Agreement (incorporated by reference in the Complaint, at ¶15).[4] The Employment Agreement confirmed the at-will employment arrangement, subject to certain obligations of the parties upon termination of the relationship. (Kozak Aff. Ex. B, §§ 8.01-8.04). Additionally, the Employment Agreement provided that disputes would be resolved through binding arbitration. (Kozak Aff. Ex. B, § 7.01).

Plaintiff alleges his employment with MBNR was terminated in violation of the Employment Agreement because he did not receive prior written notice and opportunity to correct and improve poor performance which was MBNR's predicate to separate Plaintiff's employment.

---

[2]  The Statement of Facts accepts as true the factual allegations in Plaintiff's Complaint solely for the purposes of this motion.
[3]  "Compl." refers to Plaintiff's First Amended Complaint, a copy of which is attached as Exhibit A to the Kozak Affirmation.
[4]  A copy of a document titled Employment Agreement, dated July 20, 2015, is attached as Exhibit C to the Kozak Affirmation.

2

(Compl. ¶¶ 18, 22, 23).  Plaintiff contends further that his employment was terminated because of his age.  (Compl. ¶ 24).[5]

Plaintiff alleges in conclusory fashion that, upon the termination of his employment, he was presented with and "forced" to sign a General Release (Kozak Aff. Ex. C) (Compl. ¶ 25).  Plaintiff further alleges without additional facts that the terms of the General Release were "misrepresented," and that he was "wrongfully induce[d]" to execute the document. (Compl. ¶ 26).  In exchange for negotiated monetary consideration in the amount of $23,000.00, Plaintiff's execution of the General Release waived all claims relating to Plaintiff's Employment Agreement from the beginning of time through the date he signed the document (i.e., June 1, 2017). (Kozak Aff. Ex. C).  After agreeing to and signing the General Release, Plaintiff forwarded a letter which he claims was "rejecting" the General Release.  (Compl. ¶ 28).  Plaintiff engaged counsel and, through counsel by letter dated five (5) days after he signed the General Release, stated that he "has been advised of his rights to pursue such [ADEA] claims by filing charges with the EEOC or NYSDHR, followed by filing a class action lawsuit" against Defendants.  (Kozak Aff. Ex. D at p.4).[6]  Plaintiff never filed an administrative charge with the EEOC or NYSDHR against Defendants.

After Plaintiff's employment with MBNR ended in June 2017, Plaintiff alleges he obtained subsequent employment, which ended in or about February 2018 under circumstances which he contends gives rise to additional common law tort causes of action against Defendants. (Compl. ¶¶ 42-56).

---

[5]  While not necessarily pertinent to the instant motion, Defendants deny Plaintiff's allegations.  If necessary, the record ultimately will demonstrate that Plaintiff was provided with prior notice, consistent with the Employment Agreement, that there were serious performance issues requiring immediate improvement.
[6]  Paragraph 28 of the Complaint references a letter forwarded to Defendants after Plaintiff signed the General Release. Attached as Exhibit D to the Kozak Affirmation is a copy of a letter dated June 6, 2017, received by MBNR from counsel for Plaintiff, which is believed to be the document incorporated by reference in Paragraph 28 of the Complaint.

3

## ARGUMENT

A motion to dismiss under FRCP 12 is the proper method for Defendants to challenge the feasibility of the claims asserted in Plaintiff's Complaint. See Fed. R. Civ. P. 12(b); Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.

## POINT I

### PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE ADEA OR THE OWBPA

Plaintiff's federal claim, whether styled as alleged age discrimination under the ADEA or based on alleged noncompliance with the knowing and voluntary waiver provisions of the OWBPA, is deficient as a matter of law. Accordingly, Plaintiff's First Count must be dismissed.

**A.**     **Plaintiff Failed To Satisfy A Statutory Prerequisite To Suit Under The ADEA, And The Applicable Limitations Period Has Passed.**

It is well established that "[u]nder both Title VII and the ADEA, a claimant may bring suit in federal court only if [he] has filed a timely complaint with the EEOC and obtained a right-to-sue letter." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (citing 29 U.S.C. § 626(d)). "Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII and ADEA statutory schemes and, as such, a precondition

to bringing such claims in federal court." Id.; Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489 (2d Cir. 2018). Here, Plaintiff confirms that he *did not* file a timely charge of discrimination with the EEOC alleging a violation of the ADEA (individually or on behalf of an alleged collective). (Compl. ¶ 89).

A claimant must file such an administrative charge within 300 days after the alleged unlawful employment action or, otherwise, lose the ability to do so. 29 U.S.C. § 626(d); Amtrak v. Morgan, 536 U.S. 101, 110 (2002); Tanvir v. N.Y.C. Health & Hosps. Corp., 480 Fed. App'x 620, 621 (2d Cir. 2012). The latest date on which Plaintiff claims to have experienced alleged unlawful age discrimination was the conclusion of his employment with MBNR on June 1, 2017. See Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d Cir. 2008) (acknowledging that the ADEA statutory limitations period ordinarily begins to run upon the employer's commission of the alleged discriminatory act). The deadline by which Plaintiff was required to file a charge of discrimination with the EEOC (or the NYS Division of Human Rights) passed on March 28, 2018. Therefore, Plaintiff's ability to initiate the administrative proceeding necessary to recover under the ADEA has expired, and his claim must be dismissed with prejudice. See Birch v. CUNY/Laguardia Cmty. Coll., No. 14-CV-7573 (PKC), 2015 U.S. Dist. LEXIS 12339, at *6 (E.D.N.Y. Feb. 3, 2015) ("The Complaint, as currently filed, does not demonstrate that Plaintiff has filed a charge with the EEOC or obtained a Right-to-Sue letter concerning his allegation of discrimination on the basis of his age. . . . Plaintiff has not demonstrated that he has exhausted his administrative remedies under [the ADEA], and therefore fails to state a claim on which relief may be granted.").

**B.** **Plaintiff's Actual Knowledge Of His Right To Seek Administrative Remedies Prevents Equitable Tolling Of His Federal Claims.**

Plaintiff's Amended Complaint allegations do not support equitable tolling of the long-passed deadline to file an administrative complaint. In the context of an untimely ADEA claim, "equitable tolling is only appropriate 'in rare and exceptional circumstances' . . . in which a party is 'prevented in some extraordinary way from exercising his rights.'" Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal citations omitted). "To merit equitable relief, a plaintiff must have acted with reasonable diligence during the time period [he] seeks to have tolled." Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d Cir. 2008) (internal quotation and punctuation marks omitted). Equitable tolling is generally only appropriate where the plaintiff filed a timely, but defective, pleading "where *plaintiff was unaware of [his] cause of action* due to misleading conduct of the defendant" or where the plaintiff was inhibited by a medical condition or impairment. Zerilli-Edelglass, 333 F.3d at 81 (internal quotations omitted) (emphasis added); Francis v. Blaikie Grp., 372 F.Supp.2d 741, 748 (S.D.N.Y. 2005) ("An 'extraordinary' circumstance permitting [equitable tolling] might exist [where] it would have been impossible for a reasonably prudent person to learn that his discharge was discriminatory.").

Here, the only alleged ground for equitable tolling is that "Plaintiff reasonably believed that the [general] release was valid and effective, and detrimentally relied upon the [general] release in not filing a charge against [Defendants] for discrimination under the ADEA with the [EEOC]." (Compl. ¶ 89). Plaintiff's allegation, however, that he "[t]hereafter [5 days later] . . . forwarded a letter to [Defendants] rejecting the general release for reasons, which include that it was not proper under the [OWBPA]" (Compl. ¶ 28; Kozak Aff. Ex. D), completely undercuts any argument for equitable tolling. Indeed, Plaintiff's indisputable conduct within days after

6

signing the General Release establishes that he was neither unaware of his rights under the ADEA, nor misled by the alleged failure of the general release to comport with the OWBPA's requirements. There are no allegations of fact presenting rare and exceptional circumstances supporting the extraordinary remedy of equitable tolling. Therefore, equitable tolling is not appropriate, and Plaintiff's federal claims must be dismissed with prejudice. See Zerilli-Edelglass, 333 F.3d at 81 ("'[A] plaintiff's failure to act diligently is not a reason to invoke equitable tolling.'") (quoting South v. Saab Cars USA, 28 F.3d 9, 12 (2d Cir. 1994)).

## C.     Regardless, There Is No Private Right Of Action Afforded By The OWBPA.

Even if Plaintiff had filed a predicate timely administrative complaint alleging age discrimination, Plaintiff's First Count which is presented as a claim for liability under the OWBPA, should nevertheless be dismissed because the OWBPA does not create a private right of action. To the extent Plaintiff's First Count is premised on alleged noncompliance with the provisions for a knowing and voluntary ADEA waiver provided by the OWBPA it does not even rise to the level of a "threadbare recital" of the elements of a cause of action because "there is no right of action under OWBPA." Kourofsky v. Genencor Int'l, Inc., 459 F. Supp. 2d 206, 215 (W.D.N.Y. 2006). Moreover, "OWBPA does not establish a cause of action for age discrimination and is irrelevant [in that context]." Grays v. SDH Educ. West, LLC, No. 16 Civ. 666 (DAB), 2017 U.S. Dist. LEXIS 54690, at **13-14 (S.D.N.Y. Mar. 23, 2017) (dismissing Plaintiff's OWBPA claim with prejudice).

Plaintiff's allegations concerning whether the June 1, 2017 General Release satisfies the requirements of the OWBPA is relevant only to the question of whether the release constitutes a valid waiver of his ADEA claims. Id. at *13. Here, there has been no claim that the General Release waived an ADEA claim. Indeed, Plaintiff acknowledges that the "general release

did not refer to the rights or claims arising under the ADEA." (Compl. ¶ 84).   However, even if it were an independent claim under the ADEA when an employer fails to include the hallmarks of an OWBPA ADEA release (intentionally or otherwise), here the hypothetical alleged violation is of no moment because no administrative charge was filed within 300 days in any event. Accordingly, even if viable as a separate claim for violation of the OWBPA, the claim is barred due to Plaintiff's admitted failure to exhaust his administrative remedies.

## POINT II

### PLAINTIFF'S SECOND, THIRD, FOURTH AND FIFTH COUNTS, PREMISED ON EVENTS ARISING OUT OF PLAINTIFF'S EMPLOYMENT PRIOR TO JUNE 1, 2017 ARE BARRED BY A VALID AND BINDING GENERAL RELEASE

Plaintiff's contentions regarding the General Release not containing elements required under the OWBPA to effectuate a knowing and voluntary waiver of a claim under the ADEA do not affect the fact that the General Release may nevertheless constitute a valid waiver of other claims. Indeed, "New York State age discrimination statutes [N.Y. Executive Law § 296] are not governed by the OWBPA. Instead, the enforceability of a release under New York law 'is governed by ordinary contract law principles.'" McCormack v. IBM, 145 F. Supp. 3d 258, 268 (S.D.N.Y. 2015) (quoting Sheridan v. McGraw-Hill Cos., 129 F. Supp. 2d 633, 639 (S.D.N.Y. 2001)).

Here, even presuming as Plaintiff has alleged, that the General Release does not comply with the OWBPA, the General Release still may operate as a contractual waiver of claims not including any claims under the ADEA.   The General Release was supported by valid consideration in the form of a promise to pay financial consideration in the amount of $23,000.00. While Plaintiff contends the General Release was misrepresented and that he was

8

forced/wrongfully induced to execute the General Release, he does not allege any facts (other than that the General Release was not OWBPA compliant) to support the conclusion that the General Release should be deemed invalid.  Consequently, Plaintiff has released Defendants' from all non-ADEA claims asserted under the Employment Agreement as specified in the General Release (Kozak Aff. Ex. C), whether plead under the NYHRL (Second Count), breach of contract (Third Count), wrongful discharge (Fourth Count), or fiduciary breach of duty (Fifth Count). Accordingly, Plaintiff's various non-ADEA statutory, common law and tort claims arising prior to his execution of the General Release on June 1, 2017 must also be dismissed with prejudice pursuant to FRCP 12(b)(6).

**POINT III**

**PLAINTIFF'S REMAINING CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff asserts that the Court's subject matter jurisdiction over this action arises under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Of course, district courts have authority to exercise supplemental jurisdiction over claims for which original jurisdiction does not exist when the other claims "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[C]laims form part of the same case or controversy if they derive from a common nucleus of operative fact." Eng v. City of New York, 715 Fed. App'x 49, 54 (2d Cir. 2017).  District courts may decline to exercise supplemental jurisdiction, however, when the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

Here, upon dismissal of Plaintiff's federal claim in the First Count for the reasons above, the Court should dismiss the remaining claims. See, e.g., Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."); Biro v. Cuomo, No. 12-CV-6189, 2014 U.S. Dist. LEXIS 42456, at *14 (E.D.N.Y. Mar. 27, 2014) ("Having dismissed Plaintiff's sole federal claim under the ADEA, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under the [NYS]HRL. Accordingly, Plaintiff's complaint is dismissed in its entirety."). Therefore, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims and they also should be dismissed pursuant to FRCP 12(b)(1).

## POINT IV

### ALTERNATIVELY, THE COURT SHOULD STAY THESE PROCEEDINGS AND COMPEL PLAINTIFF TO RESOLVE CLAIMS RELATING TO HIS FORMER EMPLOYMENT IN BINDING ARBITRATION AS PROVIDED BY HIS EMPLOYMENT AGREEMENT

In the event this matter is not dismissed for the reasons argued above, Defendants alternatively respectfully request this matter be stayed and that Plaintiff be compelled to arbitrate his claims arising out of his employment with MBNR as he promised in his Employment Agreement.

The Second Circuit has recognized that it "is difficult to overstate" the strong federal policy favoring enforcement of arbitration agreements. Arciniaga v. GMC, 460 F.3d 231, 234 (2d Cir. 2006); Martinez v. Bloomberg LP, 883 F. Supp. 2d 511, 515 (S.D.N.Y. 2012). The FAA controls the issue of whether a claim can be subjected to compulsory arbitration. 9. U.S.C.

§ 2; Ragone v. Atlantic Video, 595 F.3d 115, 121 (2d Cir. 2010). The FAA requires courts to

"rigorously enforce" arbitration agreements even where "the arbitration would result in bifurcated

proceedings . . . . because the relevant federal law *requires* piecemeal resolution when necessary

to give effect to an arbitration agreement." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221

(1985) (emphasis in original); see LG Elecs., Inc. v. Wi-Lan USA, Inc., 623 Fed. App'x 568, 571

(2d Cir. 2015) ("When a dispute consists of several claims, the court must determine on an issue-

by-issue basis whether a party bears a duty to arbitrate, compelling arbitration of arbitrable claims,

and permitting litigation of non-arbitrable claims.").

Motions to compel arbitration "'should not be denied unless it may be said with

positive assurance that the arbitration clause is not susceptible of an interpretation that covers the

asserted dispute.'" Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993) (quoting United

Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)). In deciding

whether to compel arbitration pursuant to the FAA, the court must consider: (1) whether the parties

agreed to arbitrate; (2) the scope of the arbitration agreement; (3) whether Congress intended for

the federal claims to be arbitrable; and (4) if some, but not all of the claims are arbitrable, whether

to stay the balance of the proceeding pending arbitration. Phillips v. Audio Active, Ltd., 494 F.3d

378, 383-84 (2d Cir. 2007); Glover v. Colliers Int'l NY, LLC, No. 13-CV-8843 (JMF), 2014 U.S.

Dist. LEXIS 151227, at **15-16 (S.D.N.Y. Oct. 24, 2014).

A.    **Plaintiff Entered Into A Valid, Enforceable And Mandatory Agreement To Arbitrate Claims Arising Out Of His Employment.**

There can be no question that Plaintiff agreed to arbitrate many of the claims

asserted in the Complaint arising out of his employment with MBNR. The commitment to arbitrate

issues under the Employment Agreement is valid and enforceable under well-settled contract law

principles. Plaintiff's signature on the Employment Agreement creates the presumption that an

11

agreement to arbitrate was formed.  See Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 845 (2d Cir. 1987) ("Under general contract principles a party is bound by the provisions of a contract that he signs."); Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir. 2004) ("[I]n the absence of fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract is conclusively presumed to know its contents and to assent to them.").

Here, Plaintiff agreed that "[a]ny dispute under this Agreement shall be resolved by binding arbitration." (Kozak Aff. Ex. B).  Plaintiff has not alleged any facts supporting an inference that the Employment Agreement was not valid or enforceable.  To the contrary, he claims in certain respects that the Employment Agreement gives rise to certain of his claims, e.g., notice and cure, breach of contract, fiduciary duties, etc.  In addition, there is unquestionably adequate consideration for the agreement in the form of employment as well as a bilateral promise.  See Hellenic Lines, Ltd. v. Louis Dreyfus Corp., 372 F.2d 753, 758 (2d Cir. 1967) (holding that a party's "promise to arbitrate was sufficient consideration to support [the other party's] promise to arbitrate).  Accordingly, a valid and enforceable agreement to arbitrate the claims asserted in the Complaint should be enforced.

**B.     If The Claims Are Not Dismissed As Requested, The Court Should Exercise Its Discretion To Stay These Proceedings And Compel Arbitration.**

Section 3 of the FAA requires a district court to stay proceedings on claims which are the subject of a binding arbitration agreement.  9 U.S.C. § 3.  Further, "in evaluating whether to dismiss or grant a stay . . . the Second Circuit has urged district courts to be mindful of the fact that a dismissal is appealable whereas a granting of a stay is not, and 'unnecessary delay of the arbitral process through appellate review is disfavored."  Glover, 2014 U.S. Dist. LEXIS 151227 at **15-16 (S.D.N.Y. Oct. 24, 2014) (quoting Salim Oleochemicals v. M/V Shropshire, 278 F.3d 90, 93 (2d Cir. 2002)).

12

In light of the foregoing, in the event the Court does not dismiss Plaintiff's Complaint in its entirety, Defendants' respectfully request that the Court stay the proceedings pursuant to 9 U.S.C. § 3 and compel the Parties to participate in arbitration.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order dismissing Plaintiff's Complaint or, in the alternative, staying these proceedings and compelling Plaintiff to arbitrate any remaining claims.

Respectfully submitted,

JACKSON LEWIS P.C.

44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060

By: _____
Joseph A. Saccomano, Jr.
Jonathan M. Kozak

*Attorneys for Defendants*

Dated:   July 11, 2018
         White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JOSEPH GALLAGHER, individually and on
behalf of all other persons similarly situated,

                              Plaintiff,

            -against-

PEPE AUTO GROUP, MERCEDES BENZ
OF NEW ROCHELLE, JOSEPH PEPE,
individually, GENE PEPE, individually,
ROBERT PEPE, individually, and
SALVATORE PEPE, individually,

                           Defendants.

                                    Civ. No.: 7:18-cv-03433-VB

-----------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Memorandum of Law

in Support of Defendants' Motion To Dismiss Plaintiff's First Amended Complaint Or, In The

Alternative, Compel Arbitration, has been filed electronically via ECF and served via First Class

U.S. Mail on this 11th day of July, 2018, on counsel for Plaintiff at the address set forth below:

Seth L. Dobbs
Aboyoun, Heller & Dobbs LLC
77 Bloomfield Avenue
Route 46 West
Pine Brook, New Jersey 07058
*Attorneys for Plaintiff*

Jonathan M. Kozak